144 So.2d 625 (1962)
Hughes P. WALMSLEY, Receiver of Gulf and Bayou Cook Oyster Company, Limited, in receivership, et al.
v.
Mrs. Sidney Moore GILMORE et al.
No. 635.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1962.
Rehearing Denied October 4, 1962.
Blanchard, Goldstein, Walker & O'Quin, Clyde W. Thurmon, Shreveport, Cobb & Wright, Morris Wright, New Orleans, for plaintiffs-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Henican, James & Cleveland, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, Liskow & Lewis, Lake Charles, Melvin Evans, New Orleans, Charles B. Jarrett, Jr., Pittsburgh, Pa., for defendants-appellees.
Before REGAN, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
This is a petitory action by which plaintiffs seek to be decreed the owners of an undivided interest in certain immovable property in the Parish of Plaquemines. Three of the defendants claim ownership of the property and the other defendants are mineral lessees or owners of fractional royalty interests. After a hearing on a defendant motion therefor, the trial court rendered a summary judgment rejecting plaintiffs' demand. Plaintiffs have appealed.
The property was acquired by the State of Louisiana from the United States under the swamp-land acts of 1849 and 1850 and the petition alleges that all parties hold title under patents from the State of Louisiana, plaintiffs by patent dated February 13, 1878, under the following description:
"Southwest Quarter of Southwest Quarter (SW¼ of SW¼) and East Half of Southwest Quarter (E½ of SW¼), Section Forty-one (41), Township Twenty (20) South, Range Twenty-eight (28) East, situated in the Parish of Plaquemines, State of Louisiana, according to the Official Plat of Survey of said lands,"
*626 and defendants by patent dated June 21, 1890, under the following description:
"All of Fractional Section 16, Township 21 South, Range 28 East, Plaquemines Parish, Louisiana, according to the Official Plat of Survey of said lands,".
It is plaintiffs' contention that the "Official Plat of Survey" mentioned in their patent refers to a survey of Township 20 made by John W. Watson, Deputy Surveyor, in 1831 and approved by the surveyor's office on July 9, 1832; that the "Official Plat of Survey" mentioned in defendants' patent refers to a survey of Townships 20 and 21 made by Rightor and McCollam in 1840 and approved in 1842; that because of an overlap in the surveys (on the Watson plat a section called 41 was projected but not surveyed) the two properties occupy the same location, under different descriptions; and that therefore plaintiffs' title antedates and is superior to that of the defendants. Defendants admit that plaintiffs' property, if described under the Watson survey, would occupy the same location as the property described in defendants' patent under the survey of Rightor and McCollam, but they deny the balance of plaintiffs' contention and argue that the Rightor and McCollam survey is the only one referred to in both descriptions as the "Official Plat of Survey". If defendants' contention is correct, plaintiffs' land lies several miles away from the land here sued upon.
Defendants have attached various affidavits, copies of the two surveys, and other documents to their motion for summary judgment. One of the affidavits, by the register of the state land office, reveals that the records of that office do not contain the official State Check Plats of Township 20 South, Range 28 East, or Township 21 South, Range 28 East, Louisiana Meridian, and that the same have been missing for at least 20 years. Plaintiffs have filed with their opposition to the motion for summary judgment various documents, some of which purport to show that the Watson survey has been recognized (including recognition by the present defendants) as the only Official Plat of Township 20 South, Range 28 East.
Two questions are thus presented for our consideration: (1) whether this proceeding by summary judgment is proper; and (2) if so, when plaintiffs' patent was issued in 1878, whether the "Official Plat of Survey" referred to in that patent was the Watson survey or the Rightor and McCollam survey.
The pertinent portion of LSA-Code of Civil Procedure Article 966, relative to the motion for summary judgment and the procedure in connection therewith, provides:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. Art. 966.
The question presented by a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined; a genuine issue of fact cannot be resolved on a motion for summary judgment. Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101. Summary judgment, which deprives a litigant of a trial on the merits, is not a substitute for such a trial and is to be made use of only in those cases which clearly fall within the provision of the codal article.
We are unable to agree with defendants' argument that the question of whether or not the Watson survey is the one referred to in plaintiffs' patent has ceased to be a question of fact and is now one of law involving the legal result of the documentary evidence offered in connection with the motion for summary judgment. While it is true that the answer *627 cannot be found, as might ordinarily be the case (LSA-R.S. 41:6 and the prior law, § 3 of Act 75 of 1880 and § 2930 Revised Statutes of 1870, required that the number of the certificate issued be marked on the official plat or map on file), in the records of the state land office, the question remains essentially one of fact.
We are of the opinion that there is involved here a genuine issue or dispute over a fact which is certainly material to the case. Under these circumstances we are precluded from deciding that issue and defendants are not entitled to a judgment as a matter of law as set out by that portion of the codal article quoted above.
For the reasons assigned, the judgment appealed from is reversed and the case is remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines for further proceedings and for trial on the merits according to law, all costs to await final determination.
Reversed and remanded.