150 So.2d 120 (1963)
Max L. HASPEL
v.
Eddie TREECE et al.
No. 883.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
Rehearings Denied March 4, 1963.
Certiorari Refused April 17, 1963.
*121 Andre Trawick, Jr., New Orleans, for appellant, James Topolanek.
Hammett, Leake & Hammett, Gordon F. Wilson, Jr., New Orleans, for appellee Employers Liability Assurance Corp., Ltd.
Bienvenu & Culver, Robert N. Ryan, New Orleans, for appellee Security Insurance Co.
Before REGAN, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This litigation arises out of an intersectional automobile collision in the City of New Orleans. Max L. Haspel, plaintiff and owner of one of the vehicles involved, instituted the suit against Eddie Treece, driver of plaintiff's automobile, and James Topolanek, owner and driver of the other car, seeking an in solido judgment against them for damages to his car. Topolanek answered, reconvened and, by various original and amended pleadings filed on his own behalf and on behalf of his minor son, impleaded Employers Liability Assurance Corp., liability insurer of Haspel, and Security Insurance Co., Treece's liability insurer, seeking judgment against plaintiff, Treece and the two insurers for damages to the Topolanek automobile, medical expenses, loss of earnings and personal injuries sustained by Topolanek and his son in and as a result of the collision.
Employers filed a motion for summary judgment seeking dismissal of all of Topolanek's claims against that insurer. Security filed exceptions of no right or cause of action seeking dismissal of Topolanek's claims as to it. There were judgments in the trial court in favor of Employers and Security, on the motion and on the exceptions, dismissing Topolanek's demands against both insurers. Topolanek has appealed from the judgments.
Both insurance policies contain the usual wording with respect to persons insured. The policy issued by Employers to Haspel provided that persons insured thereunder were the named insured (Haspel and his wife if a resident of the same household), any resident of the same household, and "* * * any other person using such automobile provided the actual use thereof *122 is with the permission of the named insured". The policy issued (in the state of North Carolina) by Security to Treece states that he is insured while driving a non-owned automobile "* * * provided the actual use thereof is with the permission of the owner".
Although the approach to the problem is different, the motion for summary judgment and the exceptions are based on the same grounds, i. e., that the policies did not afford coverage because at the time of the accident Treece was using Haspel's automobile without the permission of the latter, its owner. Thus the primary question presented is whether or not Treece was an insured under the policies.
In support of its motion for summary judgment Employers rely on the pleadings, its policy to Haspel, and Haspel's deposition taken by Topolanek under discovery, the policy and the deposition being annexed to its motion.
Haspel's petition alleges that he had given his daughter, Brenda, permission to use his car and that, without his consent or knowledge, she had loaned the car to Treece. In his deposition Haspel states that he had never given Treece permission to use the car and had "restricted" his daughter "* * to use of the car to drive it herself and not to loan it to anyone". His deposition also states that he later learned his daughter had disobeyed his instructions and had exchanged cars with Treece, taking the latter's car with her to the college she attended in Alabama and leaving the Haspel car with Treece (in New Orleans).
It is now our settled jurisprudence that a non-owner driver may become an insured under the policy by either the express or the implied permission of the named insured. As the court stated in the recent case of Coco v. State Farm Mutual Automobile Insurance Co., La.App., 136 So.2d 288, 293:
"We think the jurisprudence of this State has been established to the effect that where the original permittee has been granted more or less general discretion and continuous control over the insured vehicle by the named insured, such general permission carries with it the implied consent of the named insured for the original permittee to allow third persons to use the insured vehicle. Under those circumstances, a third person using the vehicle with the permission of the original permittee is considered as having the indirect and implied permission of the name insured to use the car, and thus becomes an insured under the provisions of the omnibus clause. Perrodin v. Thibodeaux, La. App. 1 Cir., 191 So. 148; Boudreaux v. Cagle Motors, La.App. 1 Cir., 70 So.2d 741; Garland v. Audubon Insurance Company, La.App. 1 Cir., 119 So.2d 530 (Cert. denied); Thomas v. Peerless Insurance Company, La.App. 2 Cir., 121 So.2d 593; Donovan v. Standard Oil Company of Louisiana, La.App. 2 Cir., 197 So. 320 (Cert. denied)."
Where the original permittee has been granted the general use and continuous control of the vehicle by the named insured, with the specific prohibition that he is not to permit anyone else to drive the vehicle, permission to that permittee does not include the implied consent of the named insured that others may be permitted to drive the insured car. Coco v. State Farm Mutual Automobile Insurance Co., supra; Clemons v. Metropolitan Casualty Ins. Co., La.App., 18 So.2d 228.
However, as pointed out in Coco at page 295, of 136 So.2d, it may be possible for a second permittee to use the car, and become an insured under the policy, even though the name insured has prohibited the initial permittee from allowing anyone else to drive. This, of course, is entirely dependent upon the facts and circumstances involved in the particular case.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be maintained, and a summary judgment rendered *123 accordingly, if the evidence shows there is no genuine issue as to material fact and the mover is entitled to a judgment as a matter of law. The only evidence before us in the instant case relative to permission by the named insured is that Haspel prohibited his daughter from allowing others to drive the car. That evidence consists only of Haspel's allegation in his petition and his statement in the deposition; no other witness and no other facts or circumstances have been presented.
As we appreciate the entire deposition, it is possible that Miss Haspel had possession of Treece's car, and Treece had possession of the Haspel car, for quite some time. Whether or not this is a fact which should have been known to Haspel, so that the absence of a protest or action on his part to prevent Treece from continuing to drive the Haspel car would amount to implied permission by Haspel, is a matter we are unable to decide on the evidence before us.
It is true that Topolanek could have obtained depositions from Miss Haspel, Treece and possibly others, but the necessity of doing so in order to avoid the summary judgment against him is of grave concern to us. The matter of permission and prohibition, both in actual fact and under all the circumstances, is one peculiarly and perhaps solely within the knowledge of Haspel and his daughter. Cross examination in open court of these persons, and of Treece, may be the only effective means by which Topolanek would have any reasonable opportunity of disproving Haspel's statement as to the restriction against allowing others to drive the car. We do not feel that the summary judgment procedure was intended to go so far as to deprive a litigant of such an opportunity. On some occasions, in the interest of fairness and justice, it may be better to make haste slowly. Summary judgment, which deprives a litigant of a trial on the merits, is not a substitute for such a trial and is to be made use of only in those cases which clearly fall within the provisions of the codal articles. The mover for a summary judgment has the burden of clearly proving the absence of any genuine issue as to material fact and all reasonable doubts must be resolved against the mover. LSA-C.C.P. Art. 966; Jacobs v. Beck, La.App., 141 So.2d 920.
We realize it is probable that Haspel's deposition statement, relative to prohibiting his daughter from allowing others to use the car, is truthful and that the possibility of Topolanek being able to show otherwise, or to show that, despite the prohibition, under all the facts and circumstances there was an implied consent on the part of Haspel, are remote. But a belief that a party is unlikely to prevail upon trial is not a sufficient basis for summary judgment which results in depriving that party of a trial on the merits. Jacobs v. Beck, La. App., 141 So.2d 920. We conclude that Employers is not entitled to a summary judgment under LSA-C.C.P. Art. 966.
Now, addressing ourselves to Security's exceptions of no right or cause of action, we find that Topolanek's pleadings simply allege that on the date of the accident Security had in effect a policy of liability insurance issued to Treece and covering the vehicle owned by Treece. The policy is in the record. The vehicle owned by Treece was not involved in the accident and there is no allegation that Security's policy afforded protection to Treece while driving Haspel's automobile. Therefore, the pleadings do not state a clear or complete cause of action against Security. But the policy does cover Treece while he is driving a non-owned automobile and the question of consent of the owner under that policy is, at least in part, a matter of defense. In any event and in fairness to all concerned, the essential question of fact being identical in both the summary judgment and the judgment on the exceptions, i. e., whether Treece's use of the Haspel car was with the consent of Haspel, the owner thereof, we must either dismiss all claims by Topolanek *124 against both insurers, as the trial judge did, or we must hold both for further proceedings herein. Having decided that one insurer should be so held we are of the opinion that Topolanek should be given the opportunity of amending his pleadings, if he can and will, so as to state a cause of action against Security.
For the reasons assigned, the judgments appealed from are reversed and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings, for the purpose of permitting James Topolanek to amend his pleadings relative to the liability of Security Insurance Co., and for trial on the merits, all in accordance with the views expressed in this opinion and according to law; all costs to await a final determination.
Reversed and remanded.