BOLIN, Judge.
Gym Master Company brought suit against defendant for nonpayment for goods allegedly purchased under a distributorship agreement with plaintiff. After certain pleadings, depositions and affidavits were filed plaintiff moved for a summary judgment which was granted, and defendant appeals.
Plaintiff and defendant entered into a written agreement whereby defendant became the distributor of the “ ‘Gymmaster’ line of Trampoline equipment * * * at the wholesale discount schedule.” It is conceded defendant executed the written agreement and affixed his signature thereto in an individual capacity. In addition to the usual and customary clauses in such an instrument appeared the following:
“ * * * Title to goods sold shall pass to Distributor as purchaser at time of shipment; if goods are shipped to a consignee at distributor’s order, title shall nevertheless pass to Distributor and full payment of purchase price and any added charges for shipping or return are hereby guaranteed by the Distributor. * * * ”
In the deposition of defendant, made a part of the record, he admitted ordering and receiving the goods purchased, that they *739 had not been paid for and further admitted the genuineness of his signature on the document. However, by way of an exception and an affidavit filed in connection with his answer to plaintiff’s petition denying liability, he claims the goods were not sold to him individually but were sold to a corporation which he caused to be formed, subsequent to the execution of the agreement, and of which he was president.
There is no showing there was a valid agreement entered into between plaintiff and the corporation subsequent to the distributorship contract, or that the corporation had, by novation, or otherwise agreed to release defendant from his personal liability.
Our decision calls for the interpretation of LSA-C.C.P. Art. 966, which is:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
No issue is raised as to whether the motion was properly filed and the only question is the alleged' existence of a “genuine issue as to material fact.” Appellant contends the record reflects a serious factual dispute over whether the goods were purchased by defendant as an individual or whether Gym Master Trampoline Distributors, Inc. made the purchase; that the burden of proof is on the mover to clearly prove the absence of a genuine dispute as to a material fact and that in resolving such issue the question is whether there is a genuine dispute of material fact and not how the issue should be decided, citing many authorities, including: Dowden v. Hartford Accident & Indemnity Co. (La.App. 3 Cir.1963), 151 So.2d 697; Rushing v. Weyerhouser Co. (La.App. 4 Cir.1962), 144 So.2d 420; Goodart v. Maryland Casualty (La.App. 4 Cir. 1962), 139 So.2d 567; Snell v. Intercoastal Airways, Inc. (La.App. 4 Cir. 1962), 139 So.2d 70; Murphy v. Fidelity and Casualty Co. of New York (La.App. 2 Cir. 1962), 138 So.2d 132; Kay v. Carter, (1963), 243 La. 1095, 150 So.2d 27; Ellis v. Johnson Lumber Co. Inc. (La.App. 3 Cir. 1963), 150 So.2d 838; Haspel v. Treece (La.App. 4 Cir. 1963), 150 So.2d 120; McDonald v. Grande Corp. (La.App. 3 Cir. 1962), 148 So.2d 441; Jacobs v. Beck (La.App. 4 Cir. 1962), 141 So.2d 920; Vallier v. Aetna Finance Co. (La.App. 3 Cir. 1963), 152 So.2d 112; Touchet v. Fireman’s Insurance Co. (La.App. 3 Cir. 1962), 146 So.2d 441; Walmsley v. Gilmore (La.App. 4 Cir. 1962) 144 So.2d 625.
Appellee, on the other hand contends the fact disputed is not “material” and that the mover is entitled to relief as a matter of law. Therefore, the question narrows itself to whether the admittedly disputed matter is a “material” fact as contradis-tinguished from irrelevant or inconsequential matters.
We have concluded defendant became individually liable for the purchase under the Distributor’s Agreement whether the sale was made to Pool in his individual capacity or as representative of the corporation. Since the genuineness of the agreement is not questioned, the only “genuine dispute” is over who purchased the goods, which dispute does not relate to a “material fact.” In other words, the undisputed facts of the record establish de *740 fendant’s liability as a matter of law which entitles plaintiff to a summary judgment.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.