176 So.2d 638 (1965)
Mrs. Mattie Mae DARR et al.
v.
Leonard K. KINCHEN et al.
No. 6412.
Court of Appeal of Louisiana, First Circuit.
May 24, 1965.
Rehearing Denied July 1, 1965.
Ashton L. Stewart, of Laycock & Stewart, Baton Rouge, for appellant.
Ponder & Ponder, Amite, Louis J. Ourse, Jr., Hammond, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
*639 LOTTINGER, Judge.
Petitioners, the widow and sole heirs of the late L. A. Darr filed this suit against the defendant, Leonard K. Kinchen, for the sum of Six Thousand Nine and 95/100 ($6009.95) Dollars representing the balance due for labor and materials for repairs performed by the late L. A. Darr during his lifetime. The Lower Court disposed the matter of summary judgment in favor of defendant and the petitioners have prosecuted this appeal.
The facts disclose that during the period of April 11, 1959 until about September 26, 1960, L. A. Darr furnished certain labor and materials in the repairing of tractors for Leonard K. Kinchen upon which there is an alleged balance due in the sum of Six Thousand Nine and 95/100 ($6009.95) Dollars. The petitioners alleging themselves to be the widow and sole heirs of the late L. A. Darr, as per copy of judgment in his succession proceeding which is filed in the record of this suit, filed this proceeding on the same account. By supplemental petition, the petitioners made Leonard Kinchen Logging Co., Inc. a party to the suit, claiming that said company has been always operated by Leonard Kinchen as his alter ego and Kinchen has always treated the said property as his own, the petitioners seeking judgment in solido against Kinchen individually and his company.
A notice for summary judgment was filed by Mr. Kinchen and denied by the Lower Court, Judge Frederick S. Ellis, on the grounds that petitioners were apparently attempting to pierce the corporate veil and, if they were successful, Mr. Kinchen could very well suffer personal liability. The defendant, Kinchen, subsequently filed answer denying liability and claiming that any materials and repairs furnished by Mr. Darr were on behalf of the corporation but that, however, the company account had been paid in full. A similar answer was filed on behalf of the company.
Certain exceptions were filed by the defendants which were referred to the merits, and the defendant, Leonard K. Kinchen again filed a motion for summary judgment which was granted by the Lower Court, this time Judge Warren W. Comish, being the organ of the Court. It was from this summary judgment upon which this appeal is based.
The motion for summary judgment originates from Article 966 of the LSA-Code of Civil Procedure, the pertinent portion of which, for the purposes of this case, provides as follows:
"The (Summary) judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Parentheses supplied)
We are not favored with a written opinion by the Lower Court. However, there is filed in the record of this proceeding a deposition by Mr. Leonard K. Kinchen together with certain checks made payable to Darr Tractor and Machinery Company and drawn on Leonard Kinchen Logging Co., Inc., some of which are signed by Mrs. Leonard Kinchen and some of which are signed by Leonard Kinchen. Also filed in the record is an affidavit by Cleo Augustus Darr, the son of the deceased.
According to the deposition by Mr. Kinchen, it appears that the tractors upon which the work was performed was done in the instance of the corporation and not for Mr. Kinchen as an individual. The defendants seek to strengthen this point by showing that payments for such work were made by checks issued by the corporation. The deposition of Mr. Kinchen, however, shows that he was very vague in his recollection of many of the facts surrounding the repair work, and we are not overly impressed by his testimony.
On the other hand the affidavit by Cleo Augustus Darr, who was the son of the deceased, L. A. Darr, shows that the affiant *640 performed most of the repair work upon the tractors and equipment in question, and he states that said repair work was done on behalf of Mr. Kinchen as an individual, and at no time did Mr. Kinchen ever state or declare that he was acting as an agent of the Leonard Kinchen Logging Co., Inc., but, that at all times, Mr. Kinchen declared that he was acting individually in requesting said repairs and having said repairs performed for him.
We do not believe that the mere fact that Mr. Darr accepted checks drawn upon the company account furnished notice that he was dealing with the company and not with Mr. Kinchen as an individual. In Jahncke Service v. Heaslip, La.App., 76 So.2d 463 the Court held:
"We think that it cannot be said that the mere fact that the Jahncke Company accepted five or even six checks of the Heaslip Company, or which bore the name of the Heaslip Company could be said to have put the Jahncke Company on notice that it was dealing with the corporation and not with Heaslip individually."
The same holding was made by the Court in Three Rivers Hardwood Lbr. Co. v. Gibson, La.App., 181 So. 607 and Hayes v. Claterbaugh, La.App., 140 So.2d 737.
In seeking a summary judgment the party moving for such judgment has the burden of showing that there is no material issue of fact involved in the proceeding and in the absence of such a showing the motion for a summary judgment should be denied. Joseph v. Greater New Guide Baptist Church, La.App., 159 So.2d 556. All reasonable doubts to the granting of a summary judgment must be resolved against the mover. Wilkinson v. Husser, La.App., 154 So.2d 490.
There is a serious question in our mind regarding the fact as to whether or not Mr. Kinchen in the present case might not have been an agent for an undisclosed principal of his company in his dealings with the ancestor of petitioner. We have numerous cases which hold that when an agent deals with a second party for his principal who is undisclosed, the second party may hold either the principal or agent liable. Hohauser v. Schor, La.App., 101 So.2d 169, De Rouen v. Aiavolasiti, La. App., 121 So.2d 851. On the other hand the affidavit of Mr. Cleo Darr indicates that the repairs to the equipment could very well have been on behalf of Mr. Kinchen individually. We believe that there is a serious question of fact involved in this proceeding which can only be resolved by trial on the merits, and, therefore feel that the Lower Court erred in granting a summary judgment in favor of Mr. Kinchen individually.
For the reasons assigned the judgment of the Lower Court will be reversed and there is judgment in favor of petitioners and against defendant, Leonard K. Kinchen, dismissing his motion for a summary judgment, and remanding the case to the Lower Court for further proceeding, all costs of this appeal to be paid for by said defendant.
Judgment reversed and case remanded.