BARNETTE, Judge.
Plaintiff-appellant brought this action in tort in the Civil District Court for the Parish of Orleans against the Ethyl Corporation, Kyosei Kisen K. K., a Japanese shipping company, and the vessel S.S. “Te-nei Maru”, for damages on account of alleged injuries sustained while working as a longshoreman aboard the defendant vessel.
Plaintiff’s deposition was taken prior to answer by defendants. Upon filing its answer, defendant Kyosei Kisen K. K., in its own behalf and as claimant of the vessel, also filed a motion for summary, judgment *651 under LSA-C.C.P. art. 966. In support thereof a transcript of plaintiff’s testimony taken on deposition was offered and submitted on hearing of the motion. The motion was granted and summary judgment entered dismissing plaintiffs suit against Kyosei Kisen K. K. and the S.S. “Tenei Maru”. It is from that judgment that plaintiff has appealed. His action against the Ethyl Corporation is still pending.
The essential facts may he stated briefly: The plaintiff-appellant, Freddie Smooth, was a longshoreman employed by Louisiana Stevedoring Company. In that capacity, on February 21, 1964, he was assisting in loading a cargo of drums on the S.S. “Tenei Maru” containing a chemical compound under shipment by the Ethyl Corporation. The drums were hoisted aboard by the ship’s gear from the wharf and deposited on their side on the ship’s deck. The winch lines of the ship’s gear were released by other workmen who then rolled the drums to plaintiff who was heading them up for stowage. In other words, plaintiff was engaged in lifting one end of the drums to set them in an upright position. In performing his assigned task he felt a sharp burning pain in his left groin or lower stomach. He reported the injury to the proper persons and was given a slip directing him to report to a physician for examination and treatment. The doctor sent him to New Orleans Charity Hospital where he was examined again. Apparently he did not qualify for charity treatment and it was suggested that he go to Flint Good-ridge Hospital, a private institution.
After some delay he went to Flint Good-ridge and underwent an operation which evidently was successful and returned to work sometime thereafter.
Plaintiff does not know who paid his hospital bill nor the nature of the surgical treatment. He testified that he was told at Charity that he had a “hernia”. There is no other testimony in the record, and, although it appears probable that the injury was hernia and that he underwent successful surgery therefor, at this stage of the proceeding we cannot exclude all other possibilities.
Plaintiff’s petition is couched in broadl and general allegations, among which is one-to the effect that he “was injured wheni poisons, gases, chemicals and fumes infected and/or aggravated a scratch or minor laceration about his body”. In another paragraph he indicates that the injury was sustained in his “groin”.
He bases his claim in tort against the defendant shipping company and the vessel in rem on allegations of negligence and unseaworthiness. More specifically, he charges unsafe gear and appliances and allowing poisonous cargo to be handled and stowed improperly, thereby creating an unsafe place in which to work. He alleges that his injury or illness was caused or aggravated by poisonous gases or chemicals with which he came in contact as a result of defendants’ negligence and unseaworthiness of the vessel.
Plaintiff’s testimony given by deposition disclaims any fault with the ship’s gear or the manner in which the cargo was brought aboard by the ship’s employees. He does charge negligence of the shipowners in the general allegations mentioned above.
Filed in evidence is a photocopy of the warning label used by the Ethyl Corporation in connection with shipment and handling of drums containing the chemical product making up the cargo in question. Among other things it warns against the compound coming in contact with hands, body and clothing. The product is described as poisonous and that its “vapor[s] [are] extremely hazardous” and that it can be “absorbed through [the] skin”.
In view of these facts and plaintiff’s general allegations of injury being-caused or aggravated by contact with the poisonous cargo, which could conceivably be related to some negligence or unseaworthiness chargeable to defendants, it is our opinion that he should have his day in *652 court and an opportunity to prove liis allegations.
Was plaintiff’s surgical treatment for hernia or for some infectious condition? There is no medical testimony before the court and this question is unanswered at this stage of the proceeding. Assuming, arguendo, that his injury was a hernia and that the operation was successful, we cannot assume that it was not aggravated by an infection caused by bodily contact with the poisonous cargo. Furthermore we cannot assume, in the face of his allegation, that there was not some condition aboard ship which might have caused the poisonous gases or liquids to escape, thus indicating a possibility of negligence of the shipowners or unseaworthiness of the vessel.
Since the summary judgment procedure was incorporated in the Louisiana Code of Civil Procedure (Arts. 966-969), our courts have had many occasions to consider its application. In a recent opinion by this Court, Brown v. B & G Crane Service, Inc., La.App., 172 So.2d 708 (1965), we attempted to summarize the opinions of the courts of this state in the following cases: Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir.1963); McDonald v. Grande Corp., 148 So.2d 441 (La.App. 3d Cir. 1962); Touchet v. Firemen’s Ins. Co., 146 So.2d 441 (La.App. 3d Cir. 1962); Walmsley v. Gilmore, 144 So.2d 625 (La.App. 4th Cir. 1962); Jacobs v. Beck, 141 So.2d 920 (La.App. 4th Cir. 1962). In doing so we restated the guidelines to be observed in the application of the summary judgment procedure. We believe the following excerpt from our opinion in the Brown case may well be repeated here:
“If the pleadings, supporting affidavits, depositions, and exhibits submitted in connection with the motion for summary judgment reveal that there exists no genuine issue of material fact, a summary judgment should be granted as a matter of law. Stated conversely, it should be denied if there is (1) a genuine issue of fact and (2) it is material to the case. The party making the motion carries the burden of proof.
“Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact. A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment. It is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court.”
It was never intended that the summary judgment procedure would be used as a substitute for trial, and all reasonable doubt should be resolved against it. In the instant case we are of the opinion that there are some questions of fact which cannot be answered without further evidence. The interests of justice would best be served by allowing the plaintiff to have his day in court.
The summary judgment appealed from is reversed, annulled and set aside; the motion for summary judgment is denied and the case is remanded for trial on its merits according to law. Costs of this appeal are to be paid by defendant-appellee Kyosei Kisen K. K. as claimants of the S.S. “Ten-ei Maru”. All other costs shall await final judgment.
Reversed and remanded.