243 So.2d 298 (1971)
Wesley W. SNIPES
v.
SOUTHERN BAPTIST HOSPITAL et al.
No. 4223.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1971.
Garon & Brener, Trudy H. Oppenheim, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Peter H. Beer, New Orleans, for Commercial Union Ins. Co. of New York (referred to herein as Employers-Commercial Union Ins. Group), defendants-appellees.
Before SAMUEL, BARNETTE and LeSUEUR, JJ.
BARNETTE, Judge.
This is an appeal by plaintiff from a judgment maintaining a motion for summary judgment and dismissing his suit against one of the named defendants.
The plaintiff, Wesley W. Snipes, has alleged that he was a patient in Southern *299 Baptist Hospital under treatment of Dr. Martin Palmer and that he was administered inhalation therapy on July 12, 13 and 14, 1968. He alleged that on July 14 he sustained serious and painful injury to his left lung resulting in an almost complete collapse which necessitated further hospital and surgical care and treatment at another local hospital, all as the result of the joint negligence of the defendants Baptist Hospital and Dr. Palmer. More particularly he alleged a number of specific acts of negligence and omission against the hospital, its employees, therapists, physicians, and certain alleged acts of malpractice against Dr. Palmer. He also named as defendants the liability insurers of the hospital and Dr. Palmer.
Commercial Union Insurance Company of New York (referred to herein as Employers-Commercial Union Insurance Group), one of the liability insurers of Southern Baptist Hospital and made a defendant herein, filed a motion for summary judgment to which it annexed a copy of the policy of insurance issued to the insured hospital. It purports to be a multiperil policy with a "PROFESSIONAL LIABILITY EXCLUSION ENDORSMENT" providing, in pertinent part, as follows:
"It is agreed that with respect to any operations described above or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury or property damage due to:
1. the rendering of or failure to render
(a) medical, surgical, dental, x-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith;
(b) any service or treatment conducive to health or of a professional nature; or
(c) any cosmetic or tonsorial service or treatment * * *."
Commercial Union contends that plaintiff's suit is based entirely upon allegations of fault or failure in the rendering of professional services in the treatment administered which are specifically embraced in the foregoing exclusionary endorsement. The motion for summary judgment was maintained and plaintiff's suit was dismissed as to this insurer, Commercial Union. It is from that judgment that this appeal was taken.
The applicable codal provision is LSA-C.C.P. art. 966, which is as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
There were no supporting affidavits filed by either party and the only exhibit submitted in support of the motion for summary judgment was the copy of the insurance policy.
The motion for summary judgment is relatively new in the procedural law of Louisiana, having been included in the Code of Civil Procedure which became effective January 1, 1961. It is based upon the Federal Rule and consequently the jurisprudence upon which the appellate courts of the State relied in the first few *300 years of our experience with Article 966 was federal. We now have well-defined jurisprudential guidelines in the decisions of our appellate courts for the application of Article 966, among which are the following rules.
Summary judgment is not intended as a substitute for the trial of genuine issues of material fact and must be applied with caution in the interest of justice so as not to deny to a litigant his day in court except where it is clearly apparent that a trial will serve no useful purpose. It is not enough that the court has grave doubt that the pleader may prove by a preponderance of evidence a factual basis to legally support his pleaded contention. It is better to impose upon the parties the expense, delay and annoyance of a trial on the merits than to risk the danger of denial of justice. Smooth v. Ethyl Corp., 179 So.2d 650 (La.App. 4th Cir. 1965); Darr v. Kinchen, 176 So.2d 638 (La.App. 1st Cir. 1965); Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir. 1965); Joseph v. Greater New Guide Baptist Church, Inc., 159 So.2d 556 (La.App. 1st Cir. 1963); Wilkinson v. Husser, 154 So.2d 490 (La. App. 1st Cir. 1963); Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir. 1963); McDonald v. Grande Corp., 148 So.2d 441 (La.App. 3d Cir. 1962); Touchet v. Firemen's Ins. Co., 146 So.2d 441 (La.App. 3d Cir. 1962); Walmsley v. Gilmore, 144 So.2d 625 (La. App. 4th Cir. 1962); Jacobs v. Beck, 141 So. 2d 920 (La.App. 4th Cir. 1962).
The plaintiff's allegations of fault upon which he bases this tort action are almost entirely directed against the alleged malpractice of his physician and the breach of professional duty owed to him by his physician, the hospital and its employees. Any liability which may result from these alleged acts would not be embraced within the coverage of the multi-peril policy issued by the defendant Commercial Union, expecially in view of the exclusionary endorsement. However, plaintiff has alleged that a pressure breathing instrument or device was used in the treatment administered and that he was subjected to a pressure beyond his tolerance and that the therapist made certain adjustments to the mechanical device. He did not specifically allege a failure or defect in the equipment used, but the allegation of adjustments having been made is sufficient to raise an issue of fact relating to a possible mechanical failure, which would not be excluded from coverage by the multi-peril liability policy by reason of the exclusionary endorsement. Furthermore, plaintiff is presumed to have no knowledge of the functional operation of the equipment used and is in no position to allege with specificity a mechanical malfunction.
We have not failed to take notice of the 1966 amendment to LSA-C.C.P. art. 967 which added the following paragraph:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
Our opinion in Tankersley v. Insurance Company of North America, 216 So.2d 333 (1968), took cognizance of this amendment and, finding the same to be "appropriate," we affirmed the summary judgment appealed in a very similar case. This case presents a somewhat different circumstance. In Tankersley there was no specific or general factual allegation which could reasonably be construed as a contradiction of the showing made by the defendant insurer and there was no genuine issue of material fact. It was therefore incumbent upon the plaintiff under Article 967 to respond to the apparent noncoverage of the insurance policy which contained an exclusionary endorsement identical to that in this case. We are cognizant of the official comment under Article 966 stating the reason *301 for the 1966 amendment of Articles 966 and 967, but it is our opinion that the above-quoted paragraph of LSA-C.C.P. art. 967 does not impose upon the adverse party a vain and needless obligation to respond merely because the other party has applied for summary judgment with supporting affidavit or exhibits. Meaning must be given to the words "if appropriate." To hold otherwise would mean that a party would be required under penalty of a definitive judgment against him to respond in every case, even though the motion for summary judgment on its face is without merit. This certainly could not have been the legislative intent in adopting the amendment to Article 967. In the case before us it does not appear that summary judgment is "appropriate."
A motion for summary judgment is very similar to an exception of no cause of action. It differs in that it may be used by either a plaintiff or a defendant and may be supported by exhibits and supporting affidavits. When maintained it is a definitive judgment and will support a plea of res judicata, whereas the court in maintaining an exception of no cause of action shall order an amendment of the petition when the grounds of the objection pleaded may be removed by amendment. LSA-C. C.P. art. 932. In view of plaintiff's general allegations, which at least present an arguable issue of fact, we know of no reason why he should be subjected to the more definitive decree of summary judgment under the circumstances. We think the ends of justice will be served by a reversal and remand for further proceedings consistent herewith. LSA-C.C.P. art. 2164.
The summary judgment in favor of defendant Commercial Union Insurance Company of New York (referred to herein as Employers-Commercial Union Insurance Group) against the plaintiff, Wesley W. Snipes, dismissing plaintiff's suit as to said defendant is reversed and judgment is rendered in favor of plaintiff denying the motion for summary judgment and remanding the case for further proceedings according to law.
Costs of this appeal are assessed to defendant-appellee Commercial Union Insurance Company of New York. All other cost shall await final judgment.
Reversed and remanded.