569 So.2d 1118 (1990)
IBERIA SAVINGS & LOAN ASSN., Plaintiff-Appellee,
v.
Merle A. WARREN, et al., Defendants-Appellants.
No. 89-571.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Writ Denied January 18, 1991.
Landry, Watkins & Bonin, Wm. O. Bonin, New Iberia, for plaintiff-appellee.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Gordon T. Whitman, Lafayette, for defendants-appellants.
Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This is an appeal from a summary judgment rendered pursuant to a suit to collect amounts due against the endorser of a collateral mortgage note.
On May 21, 1986, Merle A. Warren executed a collateral mortgage note in the amount of $180,000.00 secured by a collateral mortgage on Mr. Warren's residence. The collateral mortgage note was endorsed by Herbert Heymann. Mr. Warren pledged the collateral mortgage note to Iberia Savings and Loan Association (ISLA) as security for a promissory note in the amount of $180,000.00. This collateral mortgage ranked fifth behind four previously recorded mortgages on Mr. Warren's residence, three of which were in favor of ISLA. After May 21, 1986, ISLA made one additional loan for $43,000.00 which was secured by one of the three previous collateral mortgage notes held by ISLA.
Mr. Warren defaulted on his obligations to ISLA. On May 23, 1988, ISLA brought this suit against Mr. Warren and Mr. Heymann to collect amounts due under the *1119 note. Mr. Heymann filed responsive pleadings asserting a variety of defenses. Subsequently, ISLA filed suit to enforce one of the previously recorded mortgages. Pursuant to the latter suit, Mr. Warren's residence was seized and sold at Sheriff's sale to ISLA for $301,162.70. Both before and after the seizure and sale of the Warren residence, Mr. Heymann tried to obtain deposition testimony from ISLA representatives as to the amounts due to ISLA under the previously recorded mortgages on the Warren residence. At the deposition, ISLA refused to answer questions on this subject, on the basis of relevance.
On November 14, 1988, Mr. Heymann filed a motion to compel discovery. On that same date, ISLA filed a motion for summary judgment. Both were heard the same day. The district court rendered summary judgment in favor of the plaintiff, ISLA, and later assessed attorney's fees under the terms of the note. The defendant appeals.
"La.Code Civ.P. art. 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Clement v. Taylor, 382 So.2d 231 (La. App. 3rd Cir.1980); Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976)."
Rennier v. Johnson, 410 So.2d 1149, 1150 (La.App. 3rd Cir.1981), writ denied, 412 So.2d 1115 (La.1982).
"Summary judgment is not intended as a substitute for the trial of genuine issues of material fact and must be applied with caution in the interest of justice so as not to deny to a litigant his day in court except where it is clearly apparent that a trial will serve no useful purpose. It is not enough that the court has grave doubt that the pleader may prove by a preponderance of evidence a factual basis to legally support his pleaded contention. It is better to impose upon the parties the expense, delay and annoyance of a trial on the merits than to risk the danger of denial of justice. Smooth v. Ethyl Corp., 179 So.2d 650 (La.App. 4th Cir.1965); Darr v. Kinchen, 176 So.2d 638 (La.App. 1st Cir.1965); Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir.1965); Joseph v. Greater New Guide Baptist Church, Inc., 159 So.2d 556 (La.App. 1st Cir.1963); Wilkinson v. Husser, 154 So.2d 490 (La.App. 1st Cir.1963); Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir.1963); McDonald v. Grande Corp., 148 So.2d 441 (La.App. 3d Cir.1962); Touchet v. Firemen's Ins. Co., 146 So.2d 441 (La.App. 3d Cir.1962); Walmsley v. Gilmore, 144 So.2d 625 (La. App. 4th Cir.1962); Jacobs v. Beck, 141 So.2d 920 (La.App. 4th Cir.1962)."
Snipes v. Southern Baptist Hospital, 243 So.2d 298, 300 (La.App. 4th Cir.1971). See also Gulf-Wandes Corp. v. Vinson Guard Service, Inc., 393 So.2d 207 (La.App. 1st Cir.1981), writ denied, 397 So.2d 1359 (La. 1981).
Summary judgment is not warranted in this case. La.C.C.P. art. 967 provides in pertinent part that:
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
The defendant alleged his inability to defend against the motion for summary judgment because of the plaintiff's refusal to give deposition testimony with regard to the amounts owed in connection with the previously recorded mortgages and as to the allocation of credits to the accounts after ISLA paid the purchase price at the Sheriff's sale of the Warren residence. The defendant specified the nature of the facts he hoped to discover and demonstrated serious efforts to compel discovery. See *1120 Fisk v. Mathews, 525 So.2d 223 (La.App. 1st Cir.1988).
The trial court refused either to grant a continuance in which discovery might be completed, or to deny the motion for summary judgment as provided by La.C.C.P. art. 967. The court reasoned that the defendant was not entitled to discover this information since he had not pleaded the affirmative defense of payment. On the contrary, our review of the pleadings shows that in defendant's answer of June 17, 1988, he pleaded the extinguishment of the obligation as an affirmative defense. Comment (b) to LSA-C.C.P. art. 1005 states, "Thus, (extinguishment of the obligation in any manner) [as provided in the body of C.C.P. art. 1005] covers payment... as well as all of the modes of extinguishing obligations provided in art. 2130 [former], Civil Code...." Therefore, we find that defendant raised the issue of payment. Moreover, the court granted the plaintiff's motion for summary judgment which was supported by affidavits alleging non-payment. By denying the defendant the opportunity to discover the facts in regard to payment, the court denied the defendant the possibility of rebutting the plaintiff's affidavit in support of the motion for summary judgment.
Additionally, the plaintiff's affidavits are not sufficient to support a motion for summary judgment.
"Supporting and opposing affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967."
White v. National Sur. Corp., 436 So.2d 751, 753 (La.App. 3rd Cir.1983). The affidavit submitted by the plaintiff contains the bare conclusion that the net balance of the purchase price at the Sheriff's sale was not sufficient to pay the first four mortgages, and that no funds were available for payment of any amounts due under the fifth mortgage. The affidavit is devoid of any facts supporting this allegation. There is no account of the original amounts owed or interest rates payable on the first four mortgages, or of credits made to any of the mortgages. There is no mention of amounts due at the time of the Sheriff's sale, nor is there any account of the distribution of the purchase price among the accounts. Absent this factual support, the affidavit is fatally defective. If the affidavits and supporting documents relied on by the party moving for summary judgment are insufficient, the motion must be denied. Fisk v. Mathews, supra.
Under the circumstances, the ends of justice would best be served, without harm to the plaintiff, or further significant delay, by ordering the plaintiff to cooperate in discovery on these points, by giving a period within which to complete discovery, and by then allowing resubmission of the motion for summary judgment on more adequate affidavits if desired. To do otherwise is to deny the defendant his day in court.
For these reasons the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings consistent with the opinions set forth herein. The costs of this appeal are to be paid by ISLA. Costs of trial are to be assessed after the final disposition of this matter on the trial level.
REVERSED AND REMANDED.