139 So.2d 70 (1962)
William E. SNELL, Jr.
v.
INTERCOASTAL AIRWAYS, INC. et al.
No. 364.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1962.
Rehearing Denied April 2, 1962.
*71 Julian B. Humphrey, F. F. Willoz, II, New Orleans, for plaintiff-appellant.
Bienvenu & Culver, Edward J. Boyle, P. A. Bienvenu, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This is a suit for damages resulting from personal injuries received in an airplane crash. The defendants are a school of instruction in aviation, its president and their liability insurer. The case has not been tried on the merits; the suit was dismissed on a motion for a summary judgment and plaintiff has appealed.
During the pendency of the suit the LSA-Code of Civil Procedure was adopted. Acting under the authority of Articles 966 et seq., of that code, defendants filed a motion for summary judgment, supporting the motion with plaintiff's original and supplemental petitions, a discovery deposition of plaintiff taken by the defendants, plaintiff's log book covering his flying record, and his pilot license, all of which appear in the record. Defendants contend that by means of the procedure set out in those articles relative to summary judgment it was possible to establish, and that they have established, sufficient facts so as to bring before the court the entire picture concerning plaintiff's experiences as a pilot and, particularly by means of his deposition, to clearly establish what happened at the time of the occurrence of the accident. They further contend that the record now clearly establishes that the accident forming the basis of this law suit was brought about by the negligence of plaintiff and, if his negligence was not solely the cause thereof, the same contributed sufficiently to the accident so as to clearly bar any recovery by him.
The record as now constituted reveals the following: At the time of the accident plaintiff had held a license (private pilotairplane single engine land) for eleven months and, both as student and pilot, had totaled 112 hours of flying. He had flown solo to other cities in and out of the State of Louisiana and was receiving further instruction from the defendant school for the purpose of obtaining a commercial license. On the day of the accident his instructor was busy and plaintiff had no intention of renting a plane, apparently the procedure followed by students when actually receiving instruction. The defendant Stephens, president of the school, asked plaintiff to fly with him and they went up together in a dual control plane. Stephens demonstrated several things to plaintiff and they "shot" four or five regular landings. Following the last such landing and after plaintiff had taken the plane off the ground, Stephens took over and told plaintiff to "throttle back" at any altitude or distance. Stephens was to demonstrate the procedure to be followed on making forced landings on take-off. Plaintiff cut the throttle back at a 300 foot elevation while the plane was climbing and still in the take-off area just *72 over the end of the runway but close to the end of the field. Stephens turned the plane to the left, it stalled and the crash occurred.
The pertinent portion of Article 966 of the LSA-Code of Civil Procedure relative to when a summary judgment shall be rendered provides:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
On the basis of the present record we are unable to decide whether or not the relationship of student aviator-instructor existed between plaintiff and Stephens. Nor, in the absence of proof thereof by properly qualified experts, can we conclude that a crash inevitably would follow a cutting of the throttle under all of the circumstances here involved or that plaintiff should have known of such an inevitable result if the same be a fact, both being vital considerations in connection with the question of contributory negligence. Additionally, in the absence of such proof by properly qualified experts, we are also unable to conclude that, as a matter of last clear chance or otherwise, Stephens could or should have been able to prevent the crash by taking corrective measures to keep the plane in the air or by making a safe forced landing.
We do not feel that the record as it now stands shows with sufficient certainty either that defendant was not guilty of negligence and did not have the last clear chance or that plaintiff was guilty of such contributory negligence as would prevent a recovery by him. The case presented by defendants does not meet the test of the codal article. There remains a "genuine issue as to material fact" and movers are not "entitled to a judgment as a matter of law".
As the same is unnecessary, we do not decide the question of whether it is proper to use a discovery deposition, taken by the defendants of the plaintiff as on cross examination only, to support this motion for a summary judgment.
For the reasons assigned, the judgment appealed from is reversed and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings and for trial on the merits according to law, all costs to await a final determination.
Reversed and remanded.