GUIDRY, Judge.
Plaintiff sued, among others, L.P. “Bud” Thibodaux seeking recovery based on various actions arising out of a business arrangement. Motions for summary judgment were filed by both Simon and Thibo-daux. Thibodaux’s motion was granted on two extraneous issues which Simon did not appeal. Simon’s motion was granted on the other issues. Thibodaux appealed. This court reversed the trial court’s judgment decreeing as follows:
“For the foregoing reasons, we modify the trial court judgment as follows: We affirm the trial court’s summary judgment in favor of defendant, L.P. Thibo-daux, and against plaintiff, J. Minos Simon. We also affirm the decision of the trial court in denying defendant’s motion to produce plaintiff’s income tax returns. We reverse the remaining decrees in this judgment and the order of accounting directed to defendant by the trial court and remand this case to the trial court for further proceedings consistent with these findings.
All costs of this appeal are taxed to the plaintiff-appellee.” (Emphasis ours)
J. Minos Simon d/b/a Dixieland Farm v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3rd Cir.1988), writ denied, 525 So.2d 1048, 1049 (La.1988).
Following remand and the finality of this court’s judgment, Thibodaux filed a motion in the trial court to fix costs of the appeal. Simon filed an exception of prematurity arguing that this court’s judgment was not a final judgment but interlocutory and therefore, the motion to fix costs was premature. After a hearing the trial court overruled the exception of prematurity and granted Thibodaux’s motion fixing costs of the appeal at $4,144.60. Following rendition of the latter judgment, Thibodaux filed a motion seeking to have Simon examined as a judgment debtor. La.C.C.P. art. 2451 et seq. Thereafter, Simon applied to this court for supervisory relief in connection with the trial court’s judgments assessing costs and ordering his examination as a judgment debtor. We denied supervisory relief stating in an unreported decision:
“WRITNOT CONSIDERED: Relator, J. Minos Simon, has not demonstrated any irreparable injury will result from the rulings of the trial court sought to be reviewed. Since relator has an adequate remedy by appeal, on the record filed in this court, we refuse to consider relator’s writ application. Stevens v. Patterson Menhaden Corp., 191 So.2d 692 (La.App. 1st Cir.1966), writ refused, 250 La. 5, 193 So.2d 524 (1967).”
Simon v. Fasig-Tipton Company of New York, et al., docket no. W89-396 (La.App. 3rd Cir. May 3, 1989).
Subsequent to our denial of supervisory relief, Simon motioned for a suspensive appeal from the trial court’s judgments denying his exception of prematurity and fixing the costs of appeal at $4,144.60. Simon’s appeal was granted by the trial court. Thi-bodaux thereafter filed a motion with this court seeking a dismissal of Simon’s appeal which was denied in an unreported decision. Simon v. Fasig-Tipton Company of New York, et al., docket no. 89-832 (La.App. 3rd Cir. Dec. 14, 1989).
This appeal concerns only the trial court’s judgment fixing the costs of appeal attendant to the earlier appeal in this case reported at 524 So.2d 788 (La.App. 3rd Cir.1988). Simon contends that our judgment reported as aforestated, insofar as it taxes costs of that appeal to him, is an interlocutory judgment. From this premise, he argues that the trial court’s judgments fixing appeal costs and ordering him examined as a judgment debtor are premature and invalid. Alternatively, Simon urges that the trial court’s assessment of appeal costs is excessive.
*556 THE JUDGMENT REPORTED AT 524 SO.2D 788 (LA.APP. 3RD CIR.1988)
La.C.C.P. art. 2164 grants authority to the appellate courts to tax costs of the lower or appellate courts, or any part thereof, against any party to the suit, as in its judgment is equitable. In our decree reported as aforestated all costs of that appeal were taxed to Simon, the appellant herein. Simon sought review of our judgment by application for supervisory writs to the Supreme Court. His application for such review was denied. A judgment of the court of appeal is final and definitive, acquiring the authority of the thing adjudged, if no application for writ of certio-rari to the Supreme Court is timely filed or if timely filed, when the Supreme Court denies the application for certiorari. La.C. C.P. art. 2166; Succession of Daste, 254 La. 403, 223 So.2d 848 (La.1969).
Appellant relies upon Freyou v. Marquette Casualty Co., 149 So.2d 697 (La.App. 3rd Cir.1963), writ refused, 244 La. 154, 150 So.2d 771 (1963), to support his argument that the judgment reported at 524 So.2d 788 (La.App. 3rd Cir.1988) was not a final definitive judgment insofar as it taxed costs of that appeal. In Freyou, the trial court granted summary judgment in favor of defendant dismissing plaintiffs suit and plaintiff appealed. A panel of this court reversed the judgment of the trial court and remanded for further proceedings. Marquette Casualty applied to the Supreme Court for a writ of certiorari, which was denied at 150 So.2d 771 (La.1963), with the following per curiam, “WRIT REFUSED. The judgment is not final”. Appellant suggests that this pronouncement makes clear that our judgment, after appeal in the instant case, is not a final judgment. Simon’s reliance on Freyou is misplaced. The court’s per cu-riam in Freyou referred to the merits of the controversy between Freyou and Marquette Casualty which clearly had not been determined. Their pronouncement did not concern the assessment of appeal costs attendant to the appeal reported at 149 So.2d 697 which, like the instant case, were assessed against the party cast in the appellate court's judgment.
Our judgment, insofar as it assessed the costs of the appeal in question, became a final and definitive judgment when the Supreme Court denied Simon’s application for certiorari and from that time was subject to execution. Our judgment, insofar as it taxes costs of that appeal, is not interlocutory but a final judgment. Therefore, the trial court did not err when it overruled appellant’s exception of prematurity and considered and rendered judgment on ap-pellee’s motion to assess costs of appeal.
TRIAL COURT’S ASSESSMENT OF COSTS
Appellant contends that the trial court’s assessment of the appeal costs are excessive. Specifically, appellant urges that the Clerk of Court of the 15th Judicial District Court violated the trial court’s order granting the appeal in this case by preparing a record on appeal that consisted of the entire 12 volume record of this matter in lieu of the evidence, documents, and/or affidavits offered and relied upon by the parties in connection with their respective motions for summary judgment, as specifically ordered by the trial court.
The trial court’s order of appeal in this case reads as follows:
“ORDER GRANTING APPEAL
The Motion for Suspensive Appeal of L.P. “Bud” Thibodaux is granted and, accordingly,
IT IS ORDERED that a Suspensive Appeal from the Judgment of this Court of September 9, 1986 made returnable to the Court of Appeals, Third Circuit on or before the 24th day of November, 1986 is hereby granted on the conditions that defendant, Thibodaux, shall post a bond as required by law in the amount of $50,000.00 and pay all costs of Court.
IT IS FURTHER ORDERED that only that evidence, documents, and/or affidavits offered and relied upon by the parties in connection with their respective motions for Summary Judgment shall be included in the transcript to be prepared by the Clerk of Court. (Emphasis added).
*557 Abbeville, Louisiana, this 25th day of September, 1986.
/s/ Sue Fontenot
Sue Fontenot, Judge
15th Judicial District Court”
The trial court rejected appellant’s argument concluding that Judge Fontenot was without jurisdiction, following the order of appeal, to limit the contents of the record on appeal. We affirm but prefer to ground our decision on the fact that our law does not contemplate nor authorize the trial judge to control the content and preparation of the record on appeal.
The clerk of the trial court has the duty to prepare the record on appeal. La.C.C.P. art. 2127. When no designation of the record is made by the parties pursuant to La.C.C.P. art. 2128, the record on appeal shall be a transcript of all proceedings as well as all documents filed in the trial court. La.C.C.P. art. 2128 provides as follows:
“The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.”
Neither Simon nor Thibodaux designated the portions of the record which they desired to constitute the record on appeal. In the absence of such designation, the clerk of the trial court was required to include all proceedings as well as all documents filed in the trial court. Article 2128 requires that any designation of the record made by the parties must be in writing. The obvious purpose of this requirement is for the clerk’s guidance in the preparation of the record. The order of the trial court in this case, which limits the record to only that evidence, documents, etc. which the parties relied upon in connection with their respective motions for summary judgment, places the burden on the clerk of the trial court to designate the record on appeal, a result clearly at odds with the dictates of Article 2128 and Rule 2-1. et seq. of the Uniform Rules — Courts of Appeal.
As aforestated, appellant filed no written designation of the record pursuant to Article 2128 and did not complain with regard to the content of the record in the trial court or in this court (La.C.C.P. art. 2132) until the filing of appellee’s motion with the trial court to fix costs. Under such circumstances, appellant cannot now be heard to complain that the appellate costs are too high. Further, for the foregoing reasons, we find no merit in appellant’s argument that the Clerk of the 15th Judicial District Court contemptuously violated the order of the trial court dated September 25, 1986.
For these reasons, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED.