11BARRY, Judge,
dissents with reasons.
The trial judge was not manifestly erroneous by granting summary judgment.
Footnote 2 of the majority’s opinion sets out the issue:
We have reservations whether summary judgment is ever appropriate where an insurer claims a devolutive condition (refusal to cooperate) became operative, terminating the insurer’s contractual obligations. It seems that the issue will always be a factual one that should be decided by a trial on the merits or by directed verdict, (emphasis added)
The trial judge’s reasons for judgment explain why summary judgment was granted:
On the date of the alleged accident in question, the plaintiff contends that though he got out of the car immediately, he did not note the license plate number or a description of the car that struck him. Further, he did not call the police to report the accident to the proper authorities. Further, the plaintiff failed to give prompt notice to CNA of the claim and could not provide the name of one witness who observed the accident. This court has noted that the authorized representative was not notified until some two weeks later. Later, when the defendant attempted to investigate the claim of the plaintiff, he was unsuccessful on a number of occasions, and was eventually informed that the plaintiffs had retained an attorney, which also occurred before the vehicle was inspected. The Trosclair’s additionally did not provide a sworn statement to the claims adjuster describing the events surrounding the accident. In addition, the defendant points out that no police report was requested by the plaintiff at the time of the accident, nor was a police report ever made.
In turn, the plaintiffs have filed memorandum attempting to explain why the plaintiff did not file a ^police report, have the vehicle ready for immediate inspection, and why he did not report the accident to the defendant immediately. The plaintiff claims hurricane conditions prevented them from seeking a police report, and they did not file a claim immediately because they did not know they had damages until some time later after they consulted their doctor.
However, after examining the plaintiff’s exhibits, this court is convinced that plaintiffs have been uncooperative with the defendant to such a degree that the defendant was materially prejudiced. Therefore it is the opinion of this court that summary judgment is appropriate in this case.
The alleged accident occurred on September 9, 1988 and Mr. Trosclair notified his insurer on September 23, 1988. The insurers’ investigator spoke with Mr. Trosclair on December 19, 1988 and Mr. Trosclair requested that his statement not be taken until after the holidays. On January 10, 1989 the *1172 investigator wrote to Mr. Troselair and requested a sworn statement and an inspection of his vehicle. Mr. Troselair responded by-having his attorney file suit on February 15, 1989 and the attorney advised that Mr. Tros-clair would not provide a written statement. The first information the insurer had concerning details of the accident was by a deposition.
If an insured breaches the cooperation clause of an insurance contract, the insurer may be relieved of its obligations under the contract; the breach must be material and prejudicial to the insurer. Freyou v. Marquette Casualty Co., 149 So.2d 697 (La.App. 3rd Cir.1963), writ denied, 244 La. 154, 150 So.2d 771 (La.1963). Mr. Troselair asserts that whether the insurer was timely notified of the accident is a genuine issue of material fact. I disagree. Although the timeliness of the notification by Mr. Troselair may be a material fact to the cooperation provisions of the contract, that is not a genuine issue for trial. Mr. Troselair notified the insurer two weeks after the accident — that is uncontested. The trial judge considered this fact when granting summary judgment.
[sMr. Troselair sued his insurer after refusing to provide a statement and that constitutes material prejudice to the insurer. Material prejudice also occurred due to the insurer’s inability to locate witnesses and to investigate the existence of the phantom vehicle. Importantly, Mr. Troselair originally stated that he was not injured (no claim for damages), a fact which caused the insurer to disregard the need for a medical examination.
All of these facts set forth the failure of the insured to cooperate. If the majority’s opinion prevails, then the cooperation clause in automobile insurance contracts is effectively eliminated.