J^WHIPPLE, J.
Plaintiffs, Danny D. Bezet and Todd Moonshower, appeal from the judgment of the trial court, granting the motions for summary judgment filed by Four by Two Development, Inc. (“Four by Two Development”) and Tiger Town Associates, L.L.C. (“Tiger Town Associates”), and dismissing plaintiffs’ claims against these defendants with prejudice. For the following reasons, we stay the appeal and remand to the district court with instructions for completion of the record.
FACTS AND PROCEDURAL HISTORY
The suit arises from an action for damages for injuries received by plaintiffs, Danny Bezet and Todd Moonshower, when they were attacked and stabbed in an alleyway and parking lot area located in the proximity of several businesses in Baton Rouge. The facts giving rise to this suit were set forth in this court’s prior opinion in Bezet v. Original Library Joe’s, Inc., 98-1467, 98-1468, pp. 5-6 (La.App. 1st Cir.6/25/99), 747 So.2d 77, 80-81, writ denied, 99-2836 (La.12/17/99), 751 So.2d 879.
In addition to naming as defendants their attacker, Jason Lavigne, and several, but not all, of the businesses operating in the vicinity of the parking lot, plaintiffs also named Four by Two Development and Tiger Town Associates, as the owners of the alleyway and parking lot area in which the attack occurred.[1]
Along with several of the businesses named as defendants, Four by Two Development and Tiger Town Associates filed motions for summary judgment, contending that they owed no duty to plaintiffs to prevent the attack upon them by third parties. In response, plaintiffs filed a memorandum- and exhibits, challenging | ¡^defendants’ claim that under the facts presented, they were entitled to judgment in their favor as a matter of law. In denying the motions for summary judgment filed by Four by Two Development and Tiger Town Associates, the trial court stated that “there is at least one genuine issue of material fact, which is whether these owners could have ‘foreseen’ that this private parking area and/or alleyway was unreasonably] dangerous.” Tiger Town Associates and Four by Two Development applied to this court for writs of certiorari and review, challenging the trial courts’ denial of their motions for summary judgment. In response, plaintiffs filed an opposition relying upon their countervailing evidence and contending defendants were not entitled to summary judgment herein. The defendants’ writ applications were denied. Bezet v. The Original Library Joe’s, 98 CW 1264, 98 CW 1279 (La.App. 1st Cir.10/22/98).
Subsequently, after the Supreme Court rendered its decision in Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762, Four by Two Development and Tiger Town Associates re-urged their motions for summary judgment, contending that under the legal precepts enunciated in Posecai, they owed no duty to plaintiffs under the facts presented herein. Following a hearing on the motions, the trial court rendered judgment granting the motions for summary judgment and dismissing with prejudice plaintiffs’ claims against Four by Two Development and Tiger Town Associates. From this judgment, plaintiffs appeal.
*475 DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the | ^affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
On appeal, plaintiffs aver that the trial court erred in granting the motions for summary judgment filed by Four by Two Development and Tiger Town Associates, where the evidence presented in opposition to the motions demonstrated that these property owners should have known of the long-standing pattern of criminal conduct on the premises where plaintiffs were attacked. Specifically, in their brief to this court, plaintiffs state that they opposed the motions for summary judgment by relying upon “the evidence submitted in the original motion for summary judgment.” Plaintiffs then argue in their brief herein that the evidence contained in various affidavits or depositions submitted in opposition to the motions below, and the prior writ applications filed with this court, preclude summary judgment herein. Pre-termitting the propriety of plaintiffs’ attempt herein to “incorporate by reference” the exhibits filed with their opposition to writs some four years ago, we note that none of the evidence discussed by plaintiffs is contained in the record presented on appeal.[2]
Our review of the record on appeal clearly reveals that the entire record in this matter was not compiled in these proceedings and forwarded to this court for review. Pursuant to LSA-C.C.P. art. 2127, the clerk of the trial court is charged with the'duty of preparing the record on appeal, subject to the right of an appellant to designate those portions of the record that he desires to constitute the record on appeal. LSA-C.C.P. art. 2128; see also Uniform Rules, Courts of Appeal, Rule 2-1.17. However, in the absence of such a designation, “the record shall be a 17transcript of all proceedings as well as all documents filed in the trial court.” LSA-C.C.P. art. 2128 (emphasis added); see also Uniform Rules, Courts of Appeal, Rules 2-1 through 2-1.16.
In the instant case, there is no designation in the record indicating that plaintiffs wished this court to consider only portions of the entire record in this matter in relation to this appeal. Accordingly, the clerk of the trial court lacked the authority to lodge an incomplete record in this matter. See Simon v. Fasig-Tipton Company of New York, 574 So.2d 554, 557 (La.App. 3rd Cir.), writ denied, 580 So.2d 381 (La.), cert. denied, 502 U.S. 983, 112 S.Ct. 588, 116 L.Ed.2d 613.(1991).
However, in the interests of justice and because the failure to compile the complete record herein is attributable to the clerk of the trial court, we hereby grant appellants three days from the date of mailing of the notice of this judgment, exclusive of holidays, to designate in a writing filed with the trial court such portions of the record they desire to constitute the record on appeal, should they so *476 desire. See LSA-C.C.P. art. 2128. In the event that plaintiffs elect to file such a designation with the trial court, within five days, exclusive of holidays, after service of a copy of any such designation on the other parties, those parties may also designate in a writing filed with the trial court any other portions of the record they consider necessary. See LSA-C.C.P. art. 2128.
In the event the parties timely file a designation or designations with the trial court, the clerk of court of the trial court is directed to compile the record as so designated by the parties within fourteen days of the expiration of the time delays granted herein to the parties to file such designations.
In the event that appellants do not timely designate in a writing filed with the trial court such portions of the record they desire to constitute the record on appeal, the clerk of the trial court is ordered to compile a complete record of the IsProceedings below at appellants’ costs and to lodge the complete record within twenty-one days of the date of mailing of the notice of this judgment.
CONCLUSION
For the above and foregoing reasons, the appeal is stayed and this matter is remanded to the trial court with the following instructions.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that appellants are granted three days from the date of mailing of the notice of this judgment, exclusive of holidays, to designate in a writing filed with the trial court such portions of the record they desire to constitute the record on appeal, should they so desire.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event that appellants file such a designation with the trial court, the remaining parties to this matter, within five days exclusive of holidays after service of a copy of any such designation by appellants, may also designate in a writing filed with the trial court other portions of the record they consider necessary.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in the event the parties timely file a designation or designations with the trial court, the clerk of court of the trial court shall compile the record as designated by the parties within fourteen days of the expiration of the time delays granted herein to the parties to file such designations.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in the event that appellants do not timely designate in a writing filed with the trial court such portions of the record they desire to constitute the record on appeal, the clerk of the trial court shall compile a complete record of the proceedings below at appellants’ costs and shall lodge the complete record with this court -within twenty-one days of the date of mailing of the notice of this judgment.
APPEAL STAYED; REMANDED WITH ORDER.

. The Losavio Trust was also named as a defendant, as the alleged owner of part of the alleyway where the attacks occurred,

. Moreover, we note that while Tiger Town Associates points out in brief that the evidence relied upon by plaintiffs in opposition to its motion for summary judgment is not a part of the appellate record, Tiger Town Associates also makes various assertions about its ownership interests and lease arrangements with its tenants which, likewise, are not borne out by the incomplete record now before us on appeal.