STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2023 CA 0224

STATE OF LOUISIANA

VERSUS

TERRELL J. BUTLER

JUDGMENT RENDERED: **SEP 1 5 2023**

* * * * * * *

Appealed from The Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 02-17-0632 • Section 8

The Honorable Tiffany Foxworth-Roberts, Presiding Judge

* * * * * * *

Hillar C. Moore, III
*District Attorney*
Dylan C. Alge
*Assistant District Attorney*
Baton Rouge, Louisiana

COUNSEL FOR APPELLANT
PLAINTIFF—State of Louisiana


Connor K. Junkin
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
PLAINTIFF—The Department of
Public Safety and Corrections,
Public Safety Services, Office of
State Police


Ashley M. Caruso
Mary G. Erlingson
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
THIRD-PARTY PLAINTIFF—The East
Baton Rouge Parish Sheriff's Office


J. Rodney Messina
Janna Messina Kiefer
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
DEFENDANT—Terrell J. Butler

* * * * * * *

**BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.**

**WELCH, J.**

The State of Louisiana appeals the trial court's judgment that granted the expungement of Terrell J. Butler's record of arrest and conviction, specifically, the expungement of a conviction of aggravated assault with a motor vehicle upon a peace officer. For the reasons that follow, we affirm in part, and reverse in part.

## BACKGROUND AND PROCECURAL HISTORY

On July 1, 2015, an arrest warrant issued for Mr. Butler, for the alleged commission of the following crimes: aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6; aggravated flight from an officer, a violation of La. R.S. 14:108.1(C); aggravated obstruction of a highway of commerce, a violation of La. R.S. 14:96; reckless operation of a vehicle, a violation of La. R.S. 14:99; speeding in a construction zone, a violation of La. R.S. 32:57(H); disobeying an officer's signs/signals, a violation of La. R.S. 32:56(B); failure to signal a turn, a violation of La. R.S. 32:104; disobeying a red signal, a violation of La. R.S. 32:232; improper passing on the right, a violation of La. R.S. 32:74(B); intentional littering, a violation of La. R.S. 30:2531; and driving under suspension, a violation of La. R.S. 32:415. These crimes arose out of incidents occurring on June 29, 2015.

Pursuant to the arrest warrant, Mr. Butler was arrested on December 15, 2016. On February 22, 2017, the State of Louisiana filed a bill of information charging Mr. Butler with Count 1—aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6,[1] and Count 2—aggravated flight from an officer, a

---

[1] Louisiana Revised Statutes14:37.6 provides, in pertinent part:

> A. Aggravated assault with a motor vehicle upon a peace officer is an assault committed with a motor vehicle upon a peace officer acting in the course and scope of his duties.
>
> ***
>
> C. Whoever commits the crime of aggravated assault with a motor vehicle upon a peace officer shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not less than one year nor more than ten years, or both.

violation of La. R.S. 14:108.1(C).[2] In exchange for Mr. Butler's plea of guilty on Count 1, the State agreed to dismiss the charge on Count 2. On July 31, 2017, after accepting Mr. Butler's guilty plea for aggravated assault with a motor vehicle upon a peace officer, the trial court deferred Mr. Butler's sentence on Count 1 and placed him on one year of active supervised probation in accordance with La. C.Cr.P. art. 893.[3] The State noted on the record that it did not object to Mr. Butler receiving a deferred sentence under La. C.Cr.P. art. 893.

On January 30, 2018, Mr. Butler satisfactorily terminated his probation, and the trial court dismissed the prosecution against him pursuant to La. C.Cr.P. art. 893.

On June 17, 2021, Mr. Butler filed a motion for expungement. Mr. Butler alleged entitlement to expunge his record of arrests that did not result in convictions, for the following arrests: (1) aggravated flight from an officer, a violation of La. R.S. 14:108.1(C); (2) reckless operation of a vehicle, a violation of La. R.S. 14:99; and (3) intentional littering, a violation of La. R.S. 30:2531. Mr. Butler also alleged entitlement to expunge his record of conviction of aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6.

The State objected and opposed Mr. Butler's motion for expungement. The State argued that La. C.Cr.P. art. 978(B)(1) does not permit the expungement of a record of arrest and conviction of a felony offense that is defined or enumerated as a "crime of violence" by La. R.S. 14:2(B). Acknowledging that Mr. Butler's conviction for aggravated assault with a motor vehicle upon a peace officer "is not

_____

[2] Louisiana Revised Statutes 14:108.1(C) provides:

> Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.

[3] Pursuant to La. C.Cr.P. art. 893, the sentencing judge is authorized to suspend either the imposition or execution of sentence when placing the defendant on probation.

enumerated as a crime of violence" under La. R.S. 14:2(B), the State contended that Mr. Butler's conviction "clearly meets the definition of a crime of violence under [La. R.S.] 14:2(B)."

The trial court held a hearing on Mr. Butler's motion for expungement. At the hearing, the trial court stated that the list of enumerated crimes of violence found in La. R.S. 14:2(B) was not an exclusive list but an illustrative list, whereby the crime of aggravated assault with a motor vehicle upon a peace officer "*could* be deemed" a "crime of violence" under the statute. (Emphasis added). The trial court ruled, however:

> When the defendant entered into a plea agreement, the State did not object to the sentence being deferred[,] and it was for purposes of the plea agreement which is what the Court would deem is one of the underlying reasons and/or causes for the defendant to accept the offer of the State and plead guilty to this -- to this offense.
>
> So for those reasons, the Court is going to grant the expungement, and we note the State's objection.

On November 16, 2022, the trial court granted an order of expungement of Mr. Butler's arrest and conviction record in accordance with its oral ruling. The State now appeals.[4]

## LAW AND DISCUSSION

The State argues that the trial court committed legal error when it ruled that the State "had an affirmative duty to note for the record at the time of conviction that Mr. Butler's felony conviction constituted a crime of violence." The State contends that it had no duty to state on the record that Mr. Butler's arrest and conviction for aggravated assault with a motor vehicle upon a peace officer constituted a crime of

---

[4] The State filed a petition for appeal on November 18, 2022. The trial court signed an order of appeal on November 21, 2022, notice of which was transmitted by the clerk of court to the parties on December 7, 2022. In accordance with La. C.C.P. arts. 2127 and 2128, the appellant, the State, designated portions of the record to constitute the record on appeal. See Uniform Rules, Courts of Appeal, Rules 2-1 to 2-1.17; **Bezet v. Original Libr. Joe's, Inc.,** 2001-1586 (La. App. 1st Cir. 6/21/02), 835 So.2d 472, 475.

4

violence. The State argues that under La. C.Cr.P. art. 890.3 "all crimes of violence remain such unless the District Attorney affirmatively elects to declare the conviction as not constituting a crime of violence."

Louisiana Code of Criminal Procedure article 978 provides, in pertinent part:

> B. No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record of arrest and conviction of a felony **offense if the person was convicted of the commission** or attempted commission **of any of the following offenses:**
>
> (1) **A crime of violence** as **defined by** or **enumerated in** R.S. 14:2(B).... .

(Emphasis added).

Louisiana Revised Statutes 14:2(B) provides, in pertinent part:

> In this Code, "crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

Louisiana Revised Statutes 14:2(B) also includes an illustrative list of over forty "enumerated offenses and attempts to commit any of them" that are classified as "crimes of violence." See La. R.S. 14:2(B)(1)-(60).

**Arrests**

Pursuant to La. C.Cr.P. art. 978, Mr. Butler is entitled to the expungement of his record of arrest for the following arrests: (1) aggravated flight from an officer, a violation of La. R.S. 14:108.1(C); (2) reckless operation of a vehicle, a violation of La. R.S. 14:99; and (3) intentional littering, a violation of La. R.S. 30:2531. Although Mr. Butler's arrest for aggravated flight from an officer, a violation of La. R.S. 14:108.1(C), is an enumerated crime of violence under La. R.S. 14:2(B)(39), Mr. Butler was *never convicted of* aggravated flight from an officer. Accordingly, under La. C.Cr.P. art. 978, he is entitled to the expungement of those arrests.

## Conviction

At no time since Mr. Butler's commission of the offense of aggravated assault with a motor vehicle upon a peace officer on June 29, 2015, and the date he was sentenced on July 31, 2017, has La. R.S. 14:2(B) been amended to list aggravated assault with a motor vehicle upon a peace officer as an enumerated "crime of violence." The statute has listed aggravated assault upon a peace officer with a firearm as a "crime of violence" and currently lists aggravated assault upon a peace officer as a "crime of violence." La. R.S. 14:2(B)(32) (2015 version); La. R.S. 14:2(B)(32) (2017 version).

"Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La. R.S. 14:36. Battery is defined, in pertinent part, as "the intentional use of force or violence upon the person of another." La. R.S. 14:33. "Aggravated assault is an assault committed with a dangerous weapon." La. R.S. 14:37(A). Louisiana Revised Statutes 14:37.6 defines aggravated assault with a motor vehicle upon a peace officer as "an assault committed with a motor vehicle upon a peace officer acting in the course and scope of his duties."

The proper interpretation of a statute is a question of law. **State v. Green**, 2020-0066 (La. App. 1st Cir. 12/30/20), 318 So.3d 146, 149. Questions of law are reviewed *de novo*, with the judgment rendered on the record, without deference to the legal conclusions of the tribunals below. **Green**, 318 So.3d at 149. Based on the above statutory definitions, we agree with both the State and the trial court that the list of enumerated "crimes of violence" contained in La. R.S. 14:2(B) is illustrative, and not exclusive. We further agree with both the State and the trial court that Mr. Butler's conviction of aggravated assault with a motor vehicle upon a peace officer falls within the definition of a "crime of violence" under La. R.S. 14:2(B) because it

6

is an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person of another.

While Mr. Butler received a deferred sentence for his conviction of aggravated assault with a motor vehicle upon a peace officer under La. C.Cr.P. art. 893, which was dismissed upon his satisfactory completion of the terms of his probation, pursuant to La. C.Cr.P. art. 978(B)(1), he is not eligible, however, for an expungement of his record for the conviction of aggravated assault with a motor vehicle upon a peace officer because that offense is a "crime of violence" under La. R.S. 14:2(B). Accordingly, we must reverse the portion of the trial court's November 16, 2022 order of expungement of arrest/conviction for aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6.

**DECREE**

We affirm the portion of the trial court's November 16, 2022 order of expungement of arrest/conviction for Terrell J. Butler's arrests that did not result in convictions: (1) aggravated flight from an officer, a violation of La. R.S. 14:108.1(C); (2) reckless operation of a vehicle, a violation of La. R.S. 14:99; and (3) intentional littering, a violation of La. R.S. 30:2531.

We reverse the portion of the trial court's November 16, 2022 order of expungement of arrest/conviction for Terrell J. Butler's conviction of aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6.

We assess appellate court costs, in the amount of $460.00, equally between the appellant, the State of Louisiana, and the appellee, Terrell J. Butler.

**AFFIRMED IN PART; REVERSED IN PART.**